**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD LEE GRUBER,

        Petitioner - Appellant,

  v.

JACK PALMER; ATTORNEY
GENERAL OF THE STATE OF
NEVADA,

        Respondents - Appellees.

No. 10-15539

D.C. No. 3:06-cv-00655-ECR-RAM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted March 15, 2011[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner-Appellant Richard Lee Gruber, a Nevada state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We agree with the analysis of the district court and affirm.

Because Gruber points to no clearly established Supreme Court law that requires a trial court judge to inquire about a defendant's mental competency when presented with the information available to the trial court here and when counsel makes no such request, Gruber's guilty-plea argument must be rejected. Furthermore, in light of the plea colloquy, the Nevada Supreme Court did not err in holding that Gruber had a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see also Bills v. Clark*, 628 F.3d 1092, 1099 (9th Cir. 2010 (discussing *Dusky* standard generally and as applied to pretrial proceedings); *Stanley v. Cullen*, __ F.3d __, 2011 WL 285218, at *4–6 (9th Cir. Jan. 31, 2011). Even if Gruber's medical records had been evaluated during the hearing, the records would not support his claim that he lacked a reasonable degree of rational understanding. In one psychiatric evaluation, the physician noted that Gruber "is able to understand the likely outcome of his behavior." The physician also

2

considered that the "inconsistencies in the presentation" might "lead somebody to believe that [Gruber] may be malingering."

Gruber argues that his trial counsel was ineffective because she did not investigate Gruber's mental health history and request a competency evaluation. "For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] standard itself." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (internal citation and quotation marks omitted). Because there was evidence that Gruber's counsel was acting reasonably in believing that Gruber was competent and there is not a substantial likelihood of a different result had Gruber's counsel sought a competency hearing, the Nevada Supreme Court reasonably applied *Strickland* in rejecting Gruber's argument. *See id.* at 787–88, 792.

Gruber also argues that his trial counsel was ineffective because she failed to move to suppress his confession. Because there is neither any evidence that his counsel would have been successful in suppressing the confession, nor is there evidence that suppressing the confession would have had any effect on the result,

the Nevada Supreme Court reasonably applied *Strickland* in rejecting Gruber's argument. *See id.* at 787–88.

Gruber next argues that his trial counsel was ineffective because she advised Gruber to plead guilty to a time-barred charge. Because pleading guilty to the time-barred charge was in lieu of Gruber being charged with numerous other non-time-barred charges, the Nevada Supreme Court reasonably applied *Strickland* in rejecting Gruber's argument. *See id.*

Gruber further argues that his trial counsel was ineffective because she failed to present mitigating evidence related to Gruber's mental health at sentencing. Because there is no indication that presenting such evidence would have made a difference in Gruber's sentence, the Nevada Supreme Court reasonably applied *Strickland* in rejecting Gruber's argument. *See id.*

**AFFIRMED.**